CHARLES B. KURTZ, Appellant, v. JAMES H. KNAPP et al., Respondents.

### Kansas City Court of Appeals, December 2, 1907.

1. **ROADS AND HIGHWAYS: Dedication: Change of Municipal Authority: Taxbills.** A landowner made a written dedication of a piece of land for a public road claiming five hundred dollars damages. The county court accepted the dedication on condition that he would take one-half that amount, for which he received and cashed a warrant, and the land was thereafter used as a public road. *Held*, the dedication was complete and upon the road being taken into an adjoining city it became a street thereof and the abutting property was liable on a taxbill issued for a sidewalk on such street.

2. **TAXBILLS: Contractor: Cutting Price.** While a contractor before making his bid cannot enter into an agreement with some property-owners to take less for their work, yet this rule does not prohibit the contractor after the taxbills are issued, from accepting less than the bills from an abutting owner; and such fact will not vitiate the bills as to other owners unless it was done in pursuance of some previous understanding.

3. ———: ———: **Sureties: Partnership.** A taxbill issued to a contractor in every respect competent to contract for the work, cannot be declared void as a matter of law merely for the reason that one who is his partner becomes surety on his bond.

4. ———: **Grade: Evidence.** Evidence is held sufficient to sustain the finding of the trial court that a sidewalk was built on the established grade.

Appeal from Jackson Circuit Court.—*Hon. William B. Teasdale*, Judge.

AFFIRMED.

*Hayward & McLane* for appellant.

(1) The taxbill is void because the sidewalk was not constructed in the place where the ordinance and contract provided it should be constructed, but on private property. Bishop v. Tripp, 15 R. I., 466; Leach v. Cargill, 60 Mo. 316; Neill v. Gates, 152 Mo. 585; Paving Co. v. Ridge, 169 Mo. 376; Kiley v. Oppenheimer, 55 Mo. 374; Rose v. Trestrail, 62 Mo. App. 352; McQuiddy v. Brannock, 70 Mo. App. 353; Childers v. Holmes, 95 Mo. App. 154; Paupeny v. Dannan, 6 Mo. App. 573; Carroll v. St. Louis, 4 Mo. App. 194; Construction Co. v. Geist, 37 Mo. App. 509; Kansas City v. Swope, 79 Mo. 446. (2) The plaintiff is not estopped from claiming that the sidewalk was not constructed on Prospect avenue, but on private property, because he neither induced the contractor to take or to perform the contract nor represented to him that the place where the sidewalk was constructed was a street, nor indicated to the contractor in any way that he would waive any of his rights. Bigelow on Estoppel (5 ed.), 594; Odlin v. Hendrick, 100 Mo. 538; Bales v. Perry, 51 Mo. 453, 454; Wurmser v. Frederick, 62 Mo. App. 634; Blodgett v. Perry, 97 Mo. 272; Spurlock v. Sproule, 72 Mo. 503; Keane v. Klausman, 21 Mo. App. 488; Cole v. Shrainka, 37 Mo. App. 452; Cheney v. Brookfield, 60 Mo. 53; Keating v. Kansas City, 84 Mo. 415; Verdin v. St. Louis, 131 Mo. 98; Parkinson v. McGrath, 9 Mo. App. 29. (3) The taxbill is void because a rebate of $30.28 was given by the defendants to George Law, agent of Frank Hawkins, the owner of land adjoining a part of the sidewalk constructed under this contract, and this land was not included or considered in the estimate or computation of work done by the defendants under their contract, and no taxbill was issued against this land. Childers v. Holmes, 95 Mo. App. 160. (4) The taxbill is void because the contract and bond given were not in

fact signed by two or more sureties, as required by the charter of Kansas City, and the ordinance under which the work was authorized to be done. (5) The taxbill is void because the sidewalk was not laid to the established grade of the street, as required by the ordinance. Brick Co. v. Hamilton, 51 Mo. App. 120; Bank v. Payne, 31 Mo. App. 512; Galbreath v. Newton, 30 Mo. App. 380.

*Ward, Hadley & Neel* for respondents.

(1) The taxbill is not void because of the work being constructed in some other place than provided by the ordinance because, as a matter of fact, it was constructed where the ordinance provided. (2) There was a formal dedication of an eighty-foot roadway to the county and all of the rights and interests of the county succeeded to the city when it extended its limits. Elliott on Roads and Streets (2 ed.), sec. 116. (3) Even if there had been no formal dedication of Prospect avenue as an eighty-foot roadway, plaintiff by his acts and conduct is estopped to deny that said street is eighty feet wide and that said sidewalk was laid upon a public street. St. Joseph v. Dillon, 6 Mo. App. 322; Galbreath v. Newton, 30 Mo. App. 360; St. Joseph v. Bank, 54 Mo. App. 326. (4) There was no rebate made by defendants to George Law, or anybody else, nor was there any contract to do the work for any less, and all of the work was included in the apportionments, and the taxbill is not invalid by reason of any alleged discount. Childers v. Holmes, 95 Mo. App. 154. (5) The taxbill is not invalid because the contract and bond were not in fact signed by two or more sureties. (6) The taxbill is not void because the sidewalk was not laid to the established grade of the street, because, as a matter of fact, it was laid to the established grade of the street.

ELLISON, J.—This is an action to cancel a taxbill claimed to be a lien on plaintiff's property in Kansas City. The judgment in the trial court was for the defendants.

The first ground for its cancellation is that the sidewalk for which the tax was levied was not built on Prospect avenue, the street designated by the ordinance, but on plaintiff's private property. The facts are that the street called Prospect avenue was formerly a county road forty feet in width. It was widened to eighty feet by taking twenty feet from the adjoining property on either side. The walk in this case was laid on this twenty feet. So if it were true that the avenue had never in fact been widened the walk would not be on the street as directed by the ordinance. But the fact is it was widened by the voluntary action of the parties owning the adjoining property including this plaintiff. In 1897 he signed a written dedication claiming therein $500 damages. The county court accepted it conditioned that he, plaintiff, would accept $250 instead of $500. This, the plaintiff did by receiving a county warrant and cashing it. The road has ever since been recognized as a public thoroughfare.

At the date of this dedication the street, at the point in controversy was outside the city limits. The city was afterwards extended so as to include this point. The extension of the city limits over the road did not affect a prior dedication. "A dedication either statutory or common law, to a public corporation is not lost by changes in the form of the corporate government, nor by changes in its territorial boundaries. A dedication for the purpose of a public township road will not be lost to the public if a town or city is built up, and the road falls within its limit, nor will it be lost in cases where there is an extension of corporate limits so as to embrace county roads, nor where a village grows into a town or a town into a city. Towns, townships

and cities are but trustees of the public, and, as in case of ordinary trusts, the public trust is not defeated by a change of trustees. Public corporations of the classes mentioned are governmental subdivisions, and changes in their forms, powers and obligations do not deprive the public of their rights in public easements, nor in public property, such as schoolhouses, public squares and the like." [Elliott on Roads and Streets, sec. 116.]

It is insisted that the bill is void for the reason that one of the property-owners was allowed a cut price and relieved to that extent of his just proportion of the whole work. Or, stated differently, to that extent his proportion of the cost of the work was thrown upon the other property-holders. It is true that if a contractor by some understanding with one or more property hold- ers had before the contract is let agrees to a private price for them lower than that for the others, it shows he can do the work for that much less than his bid and but for the cut price to the favored ones he could and would have made a lower bid for the work. The inevitable effect of his action is to increase the price to general property-holders so that he may be enabled to decrease it to those he had favored. Such scheme is founded either in corruption, or some unfair advan- tage, or for some improper purpose. But no such case appears here. The most that can be said was done in this case was that after the work was finished and the apportionment made, a small discount was allowed one person upon his payment of a bill amounting to more than seven hundred dollars. There is no evidence that this was in pursuance of any previous understand- ing, or that it was connected with any improper, or un- fair purpose, or that it could possibly have affected the public bid or the rights of other property-holders. The transaction was not connected with any phase of the case which could directly or indirectly affect the other property-holders.. It appears to be no more than the

contractor for some reason, not at all connected with letting the contract or doing the work, concluded to allow a small discount for payment. He may have been in great need of the money and wanted to induce a prompt payment. But whatever the reason, it has not been shown, by any proper construction of conduct, to be unlawful or unfair. We do not regard the case of Childers v. Holmes, 95 Mo. App. 154, as in any way supporting the plaintiff in his contention.

It is next contended that the bill is void for the reason that the contractor did not give two sureties on his contract as required by the charter of the city [Sec. 20, Art. 9]. It is meant by this that the contract was let to Coumbe and that Knapp one of his two sureties was his partner, and therefore not a surety as contemplated by the charter. The contract was let to Coumbe as an individual. The bond was signed by him as principal and by Knapp and one other, as sureties. The reason for stating that Knapp was a partner of the contractor and not his surety is made up from inferences drawn from the testimony of Coumbe and Knapp on other matters. We cannot understand how we are to declare, as a matter of law, that a taxbill is void if issued to a contractor who is in every respect competent to contract for the work, merely for the reason that one who is his partner becomes surety on his bond. If the partner is otherwise a proper surety we cannot see a reason, in the absence of a showing of some improper influence or unfair effect, for saying it should avoid the taxbill. So far as can be seen from the record, the contractor was Coumbe and one of his sureties was Knapp and they occupy those positions in the case, both in fact and in law.

Finally it is contended that the sidewalk is not on the proper established grade. We consider that the evidence justified the trial court in finding that it is. There was some evidence, that according to the survey

of one party, it was not precisely at grade. There was other evidence which tended to show that it was as near to grade as it is possible to have that class of work.

After a full examination of the entire record and a consideration of all that has been urged against the validity of the bill we have concluded that there is no good reason for declaring it to be void. The plaintiff's objections to the work were carefully examined into and found not to be founded on the fact. He has been treated with much consideration and has now in our opinion nothing whatever which would justify us in overturning the judgment of the trial court, and it is accordingly affirmed. All concur.