JULIA F. RIDER et al., Respondent, v. PARKER-
WASHINGTON CO. et al., Appellants.

Kansas City Court of Appeals, May 9, 1910.

MUNICIPAL CORPORATIONS: Taxbills: Petition for Improve-
ment: Fraud: Estoppel.  When a paving company makes a
private agreement with a part of the property-owners to be taxed
for paving a certain street, wherein it agrees to discount tax-
bills issued against the property of the persons so agreeing, if
they will sign a petition to have such street paved, the taxbills
issued for such improvement cannot be enforced against a prop-
erty-owner who is not a party to such agreement.  The fact
that such non-agreeing property-owner stood by and made no
objection while the work was being done does not estop him to
deny the validity of the taxbills.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn,* Judge.

AFFIRMED.

*Ball & Ryland* for appellant.

(1) It is not alleged or proven that any rebate or
contract therefor enhanced to any extent the contract
price, or that but for such arrangement the work could
have been let cheaper. This being so, it is *dámnum abs-
que injuria.* Allen v. Labsap, 188 Mo. 692; Jaicks v.
Merrill, 201 Mo. 91; Gist v. Rackliff, 123 S. W. 921. (2)
The presumption, in the absence of affirmative allega-
tion and proof to the contrary, is that the contract was
let to the lowest and best bidder according to law. Bar-
ber Asphalt Paving Co. v. Ullman, 137 Mo. 543; 22 Am.
and Eng. Ency. (2 Ed.), 1266, 1267. (3) Under the evi-
dence in this case plaintiffs are estopped to make this
complaint.   Sheehan v. Owen, 82 Mo. 464; Warren v.
Asphalt Co., 115 Mo. 580; 25 Am. and Eng. Ency. Law
(2 Ed.), 1205; Pepper v. Philadelphia, 114 Pa. St. 96;

6 Atl. Rep., 899; Diver v. Bank, 102 N. W. (Ia.), 542; Chadwick v. Kelley, 187 U. S. 540; Tusting v. City of Asbury Park, 62 Atl. Rep. (N. J.) 183; City of Denver v. Campbell, 80 Pac. Rep. (Colo.) 142; Elliott on Roads and Streets (2 Ed.), 590; Hamilton on the Law of Special Assessments, secs. 728, 732, 736; Huling v. Flagstone Co., 87 Mo. App. 349; Cox v. Mignery, 126 Mo. App. 669; Verdin v. St. Louis, 131 Mo. 26; Walsh v. Bank, 123 S. W. 1001; Givins v. People, 194 Ill. 150.

*Charles R. Pence* and *James G. Smart* for respondent.

(1) The private agreements between the Parker-Washington Company and the signers of the petition to pave, whereby they were to receive one-fourth of the assessment against their property, were directly in conflict with the charter of Kansas City, which provided that the cost of paving should be apportioned "among the several lots or parcels of land to be charged therewith and each lot or parcel of land" should be charged "with its proper share of such costs according to the frontage of such land." Charter of Kansas City of 1899, sec. 6, art. 9; Neenan v. Smith, 50 Mo. 525. (2) The petition to pave, fair in countenance but corrupt by reason of the secret side agreements, whereby some were favored at the expense of others, vitiated and rendered null the proceedings. Field v. Paving Co., 117 Fed. 925; Elliott on Roads and Streets (2 Ed.), sec. 587. (a) Plaintiffs are not estopped. The vice complained of exceeds that of a mere irregularity. It is one which nullifies the ordinance, the contract and the assessment. Verdin v. City of St. Louis, 131 Mo. 26; Keane v. Klausman, 21 Mo. App. 485; McCormack v. Moore, 134 Mo. App. 669; Cox v. Mignery & Co., 126 Mo. App. 669; Schoenberg v. Field, 95 Mo. App. 249; Parkinson v. Hoolan, 182 Mo. 189; Wingert v. Snuffer & Ford (Ia.), 108 N. W. 1035; Woolacott

v. Meekin, 151 Cal. 701. (b) Where there is fraud on the part of the contractor, there is no estoppel in his favor. Warren v. Barber Asphalt Paving Co., 115 Mo. 572.

BROADDUS, P. J.—This is a suit in equity to annul certain taxbills issued by Kansas City, Missouri, under ordinance number 17149, for paving Twenty-third street, in said city. Three different plaintiffs join in the suit, against whose property the taxbills were issued.

The grounds relied on by plaintiffs and for which they ask relief are:

First, That the bills were void because rebates had been given to certain property-owners in consideration of the property-owners signing a petition to have the improvements made for which the taxbills were issued.

Second, That specifications for the improvements were not made prior to the advertisement for bids.

There was much evidence tending to prove the allegations of the petition.

Dennis H. Bowes, an owner of property on the street, testified, that notwithstanding he was in favor of the improvement, the agent of the defendant agreed if he would sign the petition for such improvement and use his influence with other property-owners to help the project through, the defendant would pay him twenty-five per cent of the cost of what his taxbill would be; and that he was paid that amount as a rebate.

Without more particular reference to the testimony of each witness it is sufficient to say that the same promise and payment of a rebate was made to several other property-owners to obtain their signatures to said petition. The defendant's agent solicited several other property-owners to sign the petition on the same terms, but failed to get them to do so.

The court rendered judgment annulling the taxbills and defendant appealed.

The question is raised by the appellant that it was not alleged or proven that any rebate or contract therefor enhanced the contract price, or that but for such arrangement the work could have been let cheaper, therefore there was no injury.

We do not believe the position of the defendant is tenable and that the cases referred to, to support it, have any application. Under the charter of the city the cost of paving should have been apportioned among the several landowners according to the front foot abutting on the street improved. [Charter of Kansas City, 1899, art. 9, sec. 6.] Although upon the face of the apportionment it was a compliance with the direction of the charter, yet as a matter of fact it was not. This was a sufficient showing under the allegations of the petition that the cost of the work was not apportioned among the property-owners according to the front foot of their holdings. The result was a violation of the charter and an injustice to the petitioners.

It is true that a petition to pave the street in question was not required by the charter, yet its purpose was to enable the contracting defendant to obtain the contract for doing the work for a less sum than that shown by his bid, the effect of which may have been to have prevented other bidders from bidding for the work at less cost to plaintiffs and others who did not obtain the rebate. This, in our opinion, whereby some of the property-owners were favored at the expense of others, was a fraud upon the latter and it vitiated the entire proceeding leading up to the letting of the contract.

It is said: "Where a contractor makes a private contract with a part of the property-owners, wherein he agrees to do the work at a specified price, his conduct has been deemed such a fraud upon the other owners as will preclude him from enforcing the assessment against them." [Elliott on Roads and Streets, sec. 587; citing Brady v. Bartlett, 56 Cal. 350, and McQuire v. Smock, 42 Ind., which sustain the text.] A similar ex-

pression of the law is found in Kurtz v. Knapp, 127 Mo. App. 608, and Childers v. Holmes, 95 Mo. App. 154.

And plaintiffs are not estopped from denying the validity of the taxbills because they stood by and made no objection while the work was being done under the contract. The converse is true where the proceedings are void for any cause. Verdin v. City of St. Louis, 131 Mo. l. c. 198, 199; McCormick v. Moore, 134 Mo. App. 669; Perkinson v. Hoolan, 182 Mo. 189.

The second ground alleged for annulling the bills was not insisted on. There was no error in the admission of evidence. Affirmed. All concur.