## CARRIE McKINE et al., Respondents, v. CITY OF INDEPENDENCE, Appellant.

**Kansas City Court of Appeals, January 5, 1914.**

**TAX BILLS: Rebate: Remonstrance.** In a proceeding for street
paving a property owner had signed a remonstrance against
the improvement, and said she would oppose it unless she
obtained a rebate on her part of the cost.   The contractor
then agreed to and afterwards did pay her fifty dollars.   It
was *held* that this was a fraud on the other property owners
and made the tax bills void.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

AFFIRMED.

*Culver & Phillips* and *Flournoy & Flournoy* for
appellant.

*Culbertson & Crimm* for respondents.

ELLISON, P. J.—Plaintiff's action was insti-
tuted for the purpose of cancelling certain taxbills is-
sued for street paving in the city of Independence. He
had judgment in the circuit court.

The ground charged is that the defendant, the
contractor who promoted the work, fraudulently and
secretly allowed rebates to certain property holders
along the street to be paved; and what, in this contro-
versy, is perhaps the same thing, in consideration that

certain property holders would withdraw opposition to the improvement and take their names from a remonstrance which had been filed, they would be paid a sum of money. The amount did not equal the entire charge which would be assessed against the property of these owners, but, in one instance at least, it was a considerable part of it. If this charge is sustained by the evidence taken, it is conceded the taxbills would be void. [Childers v. Holmes, 95 Mo. App. 154; Kentz v. Knapp, 127 Mo. App. 608, 612; Rider v. Parker-Washington Co., 144 Mo. App. 67; Platt v. Parker-Washington Co., 161 Mo. App. 663, 670; Field v. Barber Asphalt Co., 117 Fed. 925, 928; Brady v. Bartlett, 56 Cal. 350; McGuire v. Smock, 42 Ind. 1. c. 4, 5; 2 Elliott on Roads & Streets, sec. 729; 1 Page & Jones Taxation, 764.]

Under the law, if a majority of the property owners remonstrate against an improvement it could not be made. The evidence showed that Mrs. Crane was a property owner who had signed a remonstrance and that she withdrew from that paper in consideration that she was to be paid fifty dollars. It was shown that this payment was made through one Lyttle. He undertook to show that he was disinterested except as he acted for himself as an owner of a small property on the street; but he made a lame and unsatisfactory effort. It was shown that he was a very busy and persistent advocate of the improvement and that he took a trip to St. Joseph at the expense of the defendant to see its president. It was further shown that he had no surplus means to be paying parts of the tax of others, and his own account. He had to support a family and was working for a gas company on a salary of sixty-five dollars per month. He was much in debt—some of it being for the daily necessities of life, which he was endeavoring to pay in monthly installments.

Lyttle admitted that he called on Mrs. Crane to induce her to withdraw opposition, that she complained of the price of the paving and asked him to tell Mr. Rackliffe (defendant's president) that she wanted to see him. Afterwards Rackliffe called to see her and she refused to favor the paving unless she "got a good rebate," and he answered that he "couldn't do anything himself, that the law was very stringent" about that. Said he couldn't make her any offers but stated whatever Lyttle did he would stand for. Rackliffe admitted he had called on her and that he said to her that he "couldn't do anything *himself*," but he denied that Lyttle was acting for him, or that he agreed to stand for whatever Lyttle would do. At any rate, it is indisputable that Lyttle did return to her and made the agreement for the payment of the fifty dollars, which was afterwards paid. There was considerable other evidence and many convincing circumstances sustaining the findings of the trial judge who stated that the judgment would be for the plaintiff on the ground "that there were rebates promised to some of the property owners on the street."

We think no other judgment could properly have been rendered and it is accordingly affirmed. All concur.