CITY to use of RICHARD D. LANCASTER, Assignee of GEORGE PRENDERGAST, Respondent, *vs.* DAVID H. ARMSTRONG, Appellant.

1. *Corporations, municipal—Sewers—Private property—Contracts—City Officers, authority of.*—The route of a sewer in the city of St. Louis, as established by ordinance, ran through the private property of an individual, who objected to its being laid there, and was unwilling to pay for it. Thereupon, the chairman of the sewer committee of the city council, the superintendent of sewers, and the city engineer agreed with him that if he would dedicate the portion of his land necessary for the construction of the sewer, the time of payment on his part would be extended for three years, and upon this agreement the dedication was made, and the work proceeded. Suit was brought by the contractor for the work, against the owner of the land so dedicated, within a year after the work was completed. *Held,* that, as the sewer ran through the private land of defendant, the city manifestly had no right to proceed till the same was condemned, or the owner's consent or relinquishment was obtained; therefore the agreement was valid and binding upon the parties, and constituted the only terms upon which the city had any authority for using the land; and although no special authorization of the officers to make such contract was shown, yet as a corporation acts only through its officers, and as these officers were charged with the specific power of constructing and superintending sewers, and the city availed itself of the benefit of their acts, a ratification would be presumed. The contractor had no rights against the defendant under illegal proceedings, and as the right of way was relinquished on certain conditions, his rights were subject to those conditions, and he had no right to bring his suit until the three years had expired.

*Appeal from St. Louis Circuit Court.*

*A. Reese,* for Appellant.

I. The second ordinance passed in consequence of the agreement with defendant for the right of way, without which the city could not have taken the sewer through his ground. The city availed itself of the agreement, and profited thereby.

II. The city had no right to put the sewer on Armstrong's ground without his consent. It was private property; there was no alley through it, and the city was in no condition to condemn it, not having provided by ordinance for opening an alley through it.

III. The city has no power to condemn private property for district sewers, but may for public sewers. (See Rev. Ord. 1871, pp. 100, 101, §§ 10, 11, 12, 13, 14, 15, 16, as to division of sewers into classes, Public, District and Private.)

IV. The city accepted the benefits of the concession, took possession, built the sewer through defendant's ground, and has been enjoying its use ever since. The city is estopped from denying the authority of its agents to make the agreement, having accepted the benefits. (1 Pars. Cont., [5th Amer'n Ed.] p. 44, and notes.) If one accepts the benefit of a service, in law, it is on the same footing as a service at request, for which a promise is made. (*Id.* p. 392 and notes.)

*Bakewell & Farish*, for Respondent.

I. The city being a mere nominal plaintiff, (not liable even for costs in the event of an adverse judgment) and having no interest in the bill, was not competent to make any such contract as alleged.

II. No attempt was ever made to make such a contract with the city; but only with some gentlemen, who were only members of a certain sewer committe, and had no more right to bind the city than this court has.

WAGNER, Judge, delivered the opinion of the court.

This was an action on a special tax bill issued by the city engineer, under a sewer contract, to one George Prendergast, and by him assigned to the plaintiff.

The answer set up the invalidity of the ordinances under which this work was done, and as a further and special defense stated that the sewer was built across the defendant's land; that defendant objected to its being constructed there, because he had no use for it, and was unwilling to pay for it, and it was finally agreed that if he would give the city the right of way through his land to construct the sewer, he should not be called upon to make payment for three years from that date; that upon this agreement and express understanding, he did in writing convey to said city the right of way, and that the time for payment had not expired when the suit was brought.

The evidence fully sustained this special defense set up in the answer. It showed that the contract was let out under

the original ordinance establishing the sewer, and that in a short time thereafter the work was stopped, and an amended ordinance adopted by which the route was changed so as to run though the defendant's land. The defendant objected to this, and the city had no right to invade his premises without first condemning his land and procuring the right of way. The chairman of the sewer committee, the superintendent of sewers, and the city engineer then agreed with the defendant, that if he would dedicate the portion necessary for constructing the sewer, so that the same might be built according to the new route established, the time for the payment on his part should be extended to three years. And upon this agreement the dedication was made, and the work proceeded. The contractor was present when this agreement was entered into; but after the work was completed this action was brought in about one year.

The court refused to declare the law to be, that if from the evidence it was found that defendant relinquished the right of way for the sewer in consideration of the agreement or promise that no steps should be taken to collect the tax within three years after the completion of the same, then no recovery could be had till the expiration of that time, and then rendered a judgment for the plaintiff. As the sewer ran through the private land of the defendant, the city manifestly had no right to proceed till the same was either condemned, or till his consent or relinquishment was obtained. The agreement was valid and binding upon the parties, and constituted the only terms upon which the city had any authority for using defendant's land.

But it is insisted upon the argument that the city council never gave its officers any power to make the contract. No express authorization is shown. The settled rule, however, is that a corporation acts only through its officers, and in the present case the officers were charged with the specific power of constructing and superintending sewers, and the city availed itself of the benefit of their acts. A ratification will therefore be presumed. It is also objected that this agreement

could not interfere with the rights of the contractor to have his pay when he completed the work. But as against the defendant, he had no rights under an illegal proceeding; until steps were taken and consummated for condemnation, or until the right of way was relinquished, the city could not use or appropriate the defendant's land, and any contract it might make with any individual for that purpose would be void as to him. And when an agreement was made by which the city acquired the right, all were bound by it. Till the time expired for bringing the suit under that agreement, the plaintiff had no standing in court. This disposes of the case at present, and it is unnecessary to consider any other question.

The judgment must be reversed and the cause remanded. The other judges concur.