GRANITE BITUMINOUS PAVING COMPANY v. THOMAS WARD McMANUS et al., Appellants.

Division Two, June 20, 1912.

1.  FILING PLAT: Foreclosure of Prior Deed of Trust: Common Law Dedication of Real Property.  In 1874 A executed a deed of trust upon a tract of ground owned by him, and three years afterward he filed for record a plat dividing the tract into lots and showing a new street, marked West avenue.  After filing the plat, A sold several lots, and then the deed of trust was foreclosed, B, defendant's devisor, purchasing at the sale.  For a time the property was assessed and the taxes paid by lots as shown on the plat, and in 1880, B took quit-claim deeds from two of the purchasers of lots from A.  Ten years before the trial there was a fence around the land with a wire used for a gate across the entrance to what would be West avenue.  A gate was there before the foreclosure sale and remained there until it

wasted away. The property was used for pasture, for driving horses and for circuses. *Held*, that the foreclosure under the deed of trust nullified the plat, and that the evidence shows no dedication at common law.

2. **COMMON LAW DEDICATION OF REAL PROPERTY: Necessary Acts.** Unless the intent of the owner to dedicate is clearly shown, to consitute a valid common law dedication of land for a public road there must be some evidential acts of acceptance by the authorities having control of the same, or user by the public for ten consecutive years, with the knowledge of the owner, from which it will be presumed that he acquiesced in such use.

3. **SPECIAL TAXBILL: Place of Payment: Notice: Construction of City Charter.** Where the owner of property has notice of the place of payment of a special taxbill, the taxbill is not rendered invalid by failure to name therein, as required by the charter of St. Louis, the city treasurer or some bank or trust company doing business in the city to whom payment shall be made.

Appeal from St. Louis City Circuit Court.—*Hon. Hugo Muench,* Judge.

AFFIRMED.

*D. D. Holmes* for appellants.

(1)   The attempted statutory dedication of West avenue by Baker, in filing for record a duly acknowledged plat, and the recognition of said plat by Camilla McManus in taking and recording deeds to property in which deeds reference was made to the plat, and in not returning the property, designated on the plat as West avenue, for taxation, or paying any taxes thereon for many years, and the acts of the city in making official plats or maps setting forth West avenue as a street, both before and after the sale under the trustee's deed to Mrs. McManus, and in not assessing it for taxation, or collecting taxes thereon, both before and for many years after the sale to Mrs. McManus, constitute a complete common law dedication of said street as a public street, which could not be

revoked by any act of either the city or Camilla Mc-Manus, so far as disclosed in this record. Hannibal v. Draper, 15 Mo. 634; Buschmann v. St. Louis, 121 Mo. 537; Bailey v. Culver, 12 Mo. App. 183; Skrainka v. Allen, 2 Mo. App. 387; Longworth v. Sedevic, 165 Mo. 231; Vreeland v. Torrey, 36 N. J. Eq. 312; Pry v. Mankedick, 34 Atl. 46; Flach v. Village, 23 Wkly. Dig. (N. Y.) 53; Mill Co. v. Riley, 133 Mo. 574; Landis v. Hamilton, 77 Mo. 554; Kemper v. Collins, 97 Mo. 646; Becker v. St. Charles, 37 Mo. 18; 13 Cyc. 471; Steel v. Sullivan, 70 Ala. 594; City v. Anderson, 78 S. W. (Tex.) 265; 1 Elliott on Roads and Streets, 191; Schade v. Albany, 16 N. Y. Supp. 266; In re Comm'rs, 6 N. Y. Supp. 779; Smith v. Buffalo, 90 Hun (N. Y.) 118; Town v. Le Breton, 13 Pac. (Cal.) 408; Town v. LaBahn, 120 Ill. 92; Hanger v. Des Moines, 109 Iowa, 480; Griffen v. Olathe, 44 Kan. 348; Driggs v. Phillips, 103 N. Y. 77; Heitz v. St. Louis, 110 Mo. 618. (2) The dedication of West avenue as a public street being complete, the assessment line should extend to a line midway between West avenue and West Pine boulevard, and not, as set forth in the special taxbill, to a depth of 223.19 feet, which carries it to a line exactly in the center of West avenue. The assessment is therefore void. Sec. 14, art. 6 of Charter; Collier v. Paving Co., 180 Mo. 362; Meier v. St. Louis, 180 Mo. 391; City ex rel. v. St. Louis, 183 Mo. 230. (3) The taxbill sued on is incomplete, and therefore void, in that there is no place of payment designated in said taxbill, as required by sec. 24, art. 6, of the charter. Stifel v. Cooperage Co., 38 Mo. App. 340; Eyerman v. Payne, 28 Mo. App. 78; Herman v. McLauren, 28 Mo. App. 654; Hopkins v. Scott, 86 Mo. 140; Keily v. Oppenheim, 55 Mo. 376; Leach v. Cargill, 60 Mo. 317; Rose v. Trestrail, 62 Mo. App. 355; Corporation v. Gates, 130 Mo. App. 552; Sutherland's Stat. Cons., sec. 628; 26 Am. & Eng. Ency. Law, pp. 633, 669, 690.

*Sturdevant & Sturdevant* for respondent.

(1) A dedication of land to public use as a street can be accomplished only in two ways—under the statute and under the common law. A statutory dedication must be by the owner of the fee, and must be accepted by the public. A public street and the responsibilities involved cannot be imposed upon the public against its will. A common law dedication, likewise, requires an abandonment on the part of the real owner and acceptance and user by the public. Without these two elements, concurring for a required time, there can be no dedication at common law. 13 Cyc. 442; Milling Co. v. Riley, 133 Mo. 574; McBeth v. Nabue, 69 Mo. 642; Sacoxie v. Wild, 64 Mo. App. 403; Donnahue v. State, 112 N. T. 142; Irvin v. Dixon, 9 How. (U. S.) 10; St. Louis v. University, 88 Mo. 155; Sec. 5375, R. S. 1899; Paving Co. v. McManus, 144 Mo. App. 593; Const. Co. v. McCormack, 137 S. W. 43. (2) The distinction between mandatory and directory statutes is broad and well defined. Into which of these classes any given statute falls can always be determined by its character and purpose. If no essential authority is derived from a statute, and no substantial rights depend upon it, and no injury can result from ignoring it, and the purpose of the Legislature can be accomplished in a manner other than as prescribed therein, and substantially the same results obtained, the statute will be regarded as directory. The provision in section 24, article 6 of the charter as to the place of payment being designated on the taxbill is one upon which no substantial authority or right of either the city or the owner of the property or the contractor depends. The authority of the city, the rights and liabilities of the property owner and the rights of the contractor are all definitely fixed in other provisions of the charter, and all are quite independent of this provision. In the absence of proof that injury resulted therefrom, the failure to strictly comply or to

comply at all with this provision, cannot be urged as a defense to the action on the taxbill, where demand of its payment was made on defendant before suit in a writing notifying the defendant where to pay same, as was done in this case. Lewis's Sutherland on Stat. Con. (2 Ed.), secs. 611 and 613; Field v. Barber Co., 117 Fed. 925; St. Louis v. Denone, 44 Mo. 136; State ex rel v. Railroad, 113 Mo. 297; 27 Am. & Eng. Ency. Law (2 Ed.), 85; Paving Co. v. McManus, 144 Mo. App. 593; Const. Co. v. McCormack, 137 S. W. 43.

ROY, C.—This action was begun in the circuit court of the city of St. Louis for the enforcement of a special tax lien against the north half of city block 3920 for the construction of West Pine boulevard, which runs along the north boundary of the property.

There was a judgment for the plaintiff, and the defendants have appealed.

We will not set out the pleadings, as they are broad enough to include all propositions covered by the evidence.

In 1874 Robert Baker was the owner of all of said block, which was 1366.17 feet long east and west, by 446 feet 4½ inches north and south, containing about fourteen acres. In that year he executed a deed of trust on the property to Robert W. Powell as trustee to secure the payment of a debt therein described, which deed was at once recorded.

In 1877 Baker filed for record a duly executed plat of a subdivision of that block into two hundred and sixteen lots, and showing a new street marked thereon as "West avenue," running east and west through the center of the block, and forty-six feet, 4½ inches wide. That plat showed four rows of lots, fifty-four in each row, each lot being a hundred feet long; one row fronting north on West Pine boulevard, two rows fronting on West avenue, and one row fronting south on Laclede avenue.

After filing the plat, Baker sold several lots fronting on Laclede avenue to different purchasers, some of whom built residences on the lots bought by them.

In 1878, after such sale of lots, the deed of trust was foreclosed and Camilla S. McManus, who was the original defendant, became the purchaser and received the trustee's deed in which the property was described as lot 25 of Peter Lindell's Second Addition to St. Louis, which was the original description of said city block 3920.

From 1877 to 1885 the property was assessed and the taxes paid thereon by lots as shown on the plat of Baker's subdivision. After 1885, so far as shown, that block, 3920, was assessed to Mrs. McManus as acre property and the taxes were paid in that way.

In 1880, Mrs. McManus took quitclaim deeds from two of the purchasers for lots that had been sold by Baker as above stated. One of those deeds described two lots, and the other, one.

Prior to the trial, Mrs. McManus died, and the present defendants were made parties as her devisees.

The defendant Thomas W. McManus testified in effect that he managed the property for his mother, and that ten years before the trial there was a fence around the land with a wire across the entrance to what would be West avenue at Vandeventer avenue on the east side of the block. People went in and out by using the wire as a gate. There was a space left out of the sidewalk at that entrance, which was paved with granite continuous with the granite pavement on Vandeventer avenue. A gate was there before the foreclosure sale and remained there until it wasted away.

The property was used for pasture and for circuses and for driving horses. So far as shown there never has been any building on the north half of the block.

A few years before the trial the city passed an ordinance to open an alley east and west through the block.

There was no place designated in the taxbill where payment thereof could be made.

On June 7, 1904, a notice was served by the city marshal on Mrs. McManus, signed by the plaintiff and notifying her of the issuance of the taxbill and designating room 6 on the third floor of the Equitable Building, or the National Bank of Commerce in St. Louis, as the place where payment could be made.

I.   The fourth paragraph of section 14, article 6 of the charter of the city of St. Louis provides that the benefit districts for special taxation shall be established, except in special cases not applicable here, by drawing a line midway between the street to be improved and the next parallel street on each side of the street to be improved, and that such line shall be the boundary of the district.

It will thus be seen that if West avenue is a valid street, the south boundary of the district is just a hundred feet south of West Pine boulevard, as claimed by defendants. If it is not a valid street, such line is 223 feet 2¼ inches south of West Pine boulevard, as contended for by the plaintiff.

When Robert Baker filed the plat of his subdivision, the property was encumbered by a deed of trust, and the foreclosure under that deed of trust in 1878, by which Mrs. McManus became the owner of the land, nullified Baker's plat and destroyed it forever as a statutory dedication. Appellants do not controvert that idea, but insist upon a common law dedication.

Mrs. McManus did take two quitclaim deeds for lots that had been sold by Baker after the filing of the plat and before the foreclosure. Such deeds did not in the least commit her to a recognition of the Baker plat any more than that she took the lots by the same description by which they had been sold. Such deeds put her under no obligation to the grantors therein or to the public. So far as those deeds went the evident pur-

pose was to do away with the previous acts of Baker in platting and selling the lots. The effect of those deeds was far different from what it would have been had she conveyed lots in that subdivision by their plat description to others. In that case she might have been bound by estoppel as against her grantees, but not so here.

During the time after the filing of the Baker plat and before the foreclosure, the property got on the assessor's books by lot numbers as shown on that plat. That was done in recognition of the plat for taxing purposes. It was not in recognition of any common law dedication by Mrs. McManus, who did not at that time have the title. The fact that it continued to be assessed by lot numbers after her purchase up to 1885 may logically be attributed to the fact that it was on the books in that way and no change was made in that respect. She paid her taxes as she found them assessed, and it required no act of hers to cause that kind of an assessment.

We do not think that the assessor had power to accept the dedication of a street. Such matters do not belong to his department. Brinck v. Collier, 56 Mo. l. c. 169, holds that a city must act through its duly constituted officers in such matters, and that rule is approved in Landis v. Hamilton, 77 Mo. l. c. 563.

There was nothing on the land itself to indicate that Mrs. McManus recognized the validity of the Baker plat. West avenue was never used or improved by any one as a street. The north half of the block together with a part of the south half was fenced in one enclosure which included West avenue, and was used for pasture, circuses, and a track where horses were driven in training.

A very clear statement of a common law dedication is made in Milling Co. v. Riley, 133 Mo. l. c. 584, ''Unless the intent of the owner to dedicate is clearly shown, to constitute a valid common law dedication of land for a public road there must be some evidential acts of ac-

ceptance by the authorities having control of the same, or user by the public for ten consecutive years, with the knowledge of the owner, from which it will be presumed that he acquiesced in such use.''

In our opinion there was no substantial evidence in the cause indicating an intent on the part of Mrs. McManus to dedicate or on the part of the city to accept.

II.    The provision of section 24 of article 6 of the city charter requiring that the taxbill shall name the city treasurer or some bank or trust company doing business in the city to whom the payment shall be made is, in our opinion, purely directory. We can conceive no reason why such an omission should be considered fatal to this taxbill.

Section 25 of article 6 of the city charter provides for the service on the owner of a notice of the issuance of the taxbill. It does not require that the place of payment shall be named in the notice, but in this case the notice served on the owner did state the place of payment.

That section provides that the taxbill shall bear six per cent interest from thirty days from such notice, and, if not paid in six months after notice, then it shall bear eight per cent from the date of the notice. If in any case a proper showing were made that the owner could not find any person to whom he could pay, and that such failure to pay was caused by such omission to state the place of payment, it might be that he would be relieved of the interest accruing during such inability to find a person to whom to make payment. Such might be the reasonable result of the lack of a designated place of payment. In this case, the owner had notice of the place of payment, which, though not the statutory designation of the place of payment, yet it gave the owner the full benefit of the statutory requirement, and reduces the objection to a pure technicality.

To declare the taxbill void on account of such omission would be equivalent to a confiscation of the work and material furnished by the plaintiff in the construction of the street.

The questions here involved were passed upon by the Springfield Court of Appeals in a case between the same parties reported in 144 Mo. App. 593, and we agree with the conclusions there reached. The judgment is affirmed. *Blair, C.,* concurs. .

PER CURIAM.—The foregoing opinion of ROY, C., is adopted as the opinion of the court. All the judges concur.