BOATMEN'S BANK, a Corporation, Appellant, v. SEMPLE PLACE REALTY COMPANY, a Corporation, et al., Respondents.

St. Louis Court of Appeals. Opinion Filed June 19, 1919.

1. **DEDICATION: Conditional Dedication: Filing of Plat: Land Subject to Deed of Trust: Foreclosure: Effect.** Evidence reviewed and *held* that the conditional dedication of certain streets and alleys, as had been made by the filing of a plat, etc., had been wiped out by the foreclosure of the deed of trust which was existing and of record against the property at the time such dedication was made.

2. ——: ——: Plat: Nullification of Plat: Estoppel: Payment of Taxes. The fact that defendants paid the taxes as they were assessed, according to the plat, etc., was not sufficient in law to estop them from denying the nullification of the recorded plat.

3. ——: ——: ——: Payment of Taxes Does not Constitute Common Law Dedication. Nor was the payment of taxes as assessed such an act as could be held to evidence the intent of the owner such as would be tantamount to a common law dedication.

4. ——: ——: Not Accepted by City: Assessment for Taxation: Insufficient. Furthermore, there were no evidential acts of acceptance by the City; assessing the property for taxation by lots and block numbers, as per plat, cannot be considered as such for an assessor has no power to accept the dedication of a street.

5. ——: Acceptance of Dedication by City: Must Act Through Duly Constituted Officers. A city can accept dedication of a street only by acting through its duly constituted officers.

6. MUNICIPAL CORPORATIONS: Tax Bills: Special Tax Bills for Improvements: Assessment. Where land has been platted into lots and blocks, but streets have not been dedicated the land should have been assessed as an entirety, and not as separate lots as laid out in the recorded plat.

7. ——: ——: ——: Validity. Where the several special tax bills are issued against lots, etc., and not against the land as one entire tract they are not issued in accordance with the requirements of section 21 of article 6 of the Charter of the city of St. Louis and are void.

8. ——: ——: ——: Method of Creating Lien: Must Comply with Ordinance and Charter. The ability of a city to create a lien on the property of the abutting owner for streets and sewer improvements is not founded upon any pre-existing right, but is in *invitum*, and rests exclusively on a substantial adherence to the method prescribed by the ordinance authorizing the same and of the charter as its basic power.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. William H. Kinsey*, Judge.

AFFIRMED.

*Lehmann & Lehmann, Paul V. Janis* and *Thos R. Reyburn* for appellant Boatmen's Bank.

(1) The only question in this case is: "Are the tax bills void because issued against separate lots in-

stead of an entire tract? All other defenses were ruled against the defendants, who have not appealed, and they are out of the case. Carruthers v. Little River Drainage District, 271 Mo. 429, 196 S. W. 1115; Shull v. Mo. Pac. Ry. Co., 221 Mo. 140, 146. The defense sustained by the court below that the tax bills should have been issued against an entire tract is, under the evidence in this case, without merit. Forry v. Ridge, 56 Mo. App. 615, 625; Bambrick Bros. Construction Co. v. Semple Place Realty Co., 193 S. W. 543. (2) The defendants' property was assessed as lots for general taxes according to the subdivision of record since 1892 and defendants paid taxes on that basis, thus escaping taxation on 123,151 square feet of streets and alleys, which they now claim are private property. By paying taxes they treated the property as subdivided and cannot now resist payment of the special taxes. Bambrick Bros. Constr. Co. v. Semple Place Realty Company, 193 S. W. 543. Parker, Washington Co. v. Bradley, 196 S. W. 111, 113; Construction Company v. Loevy, 64 Mo. App. 430. (3) The defendants cannot complain in a special assessment that they were undertaxed; nor can they complain of overassessment, unless they tender the amount due. In this case the assessment is $1428.94 less than it would be if the lots were treated as an entire tract. State ex rel. Stifel v. Flad, 26 Mo. App. 500; Overall v. Ruenzi, 67 Mo. 203; Diekhaus v. Olderheide, 22 Mo. App. 76, 79. (4) Even if it were correctly held that part of the sewer was constructed on private property, the court should have deducted the cost of that part and given plaintiff judgment for the balance. The court's power to reduce tax bills for error "embraces mistakes and errors of every kind susceptible of a correct determination." In this case there was no deduction to be made. The tax bill was $1428.94 less than it would have been on defendants' theory, even if part of the sewer was laid on private property and the cost thereof was deducted. Neil v. Ridge, 220 Mo. 233; Johnson v. Duer, 115 Mo. 366.

The description of property in a special tax bill is sufficient if property is identified thereby. Construction Company v. Loevy, 64 Mo. App. 430; Adkins v. Quest, 79 Mo. App. 36; St. Louis v. Calhoun, 222 Mo. 54; St. Louis v. Koch, 169 Mo. 587. This court will not turn plaintiff out of court on a mere technicality. Sheahan v. Owens, 82 Mo. 465. (5) Apart from the division of the property into lots by the recorded plat, the payment by defendants and their testator of taxes assessed against the property as lots from 1897 to the date of trial authorized the city to treat it as lots under the established doctrine of "Usage by the owner." Construction Company v. Loevy, 64 Mo. App. 430; Bambrick Bros. Construction Company v. Semple Place Realty Company, 193 S. W. 543. (6) The streets are public streets. There has been a perfect and complete "common-law dedication" since foreclosure in 1897. Payment of taxes on the property for eighteen years, since 1897 to the date of trial, as lots, just as subdivided by the recorded plat, was a continuing offer of dedication to the city by defendants and their testator. The dedication became complete when the city accepted by passing the ordinance and building sewers on the street. Common law dedication may be effected by any act of the owner evincing an intention on his part to dedicate. No formality is necessary. Time is not an indispensable element. The dedication is immediately complete upon acceptance. The law creates out of the owner's act an "estoppel *in pais*" and precludes him from revoking the dedication. Drimmel v. Kansas City, 180 Mo. App. 339, 344; City of Hardin v. Ferguson, 196 S. W. 746; Naylor v. Harrisonville, 207 Mo. 341, 348, 349; Phillips v. Pryor, 190 S. W. 1027, 1029; McGrath v. Nevada, 188 Mo. 102, 107; Morgan v. Railroad, 96 U. S. 716; Heitz v. City of St. Louis, 110 Mo. 618; Bauman v. Boeckler, 119 Mo. 189; Rose v. City of St. Charles, 49 Mo. 509. (7) The act of dedication need not be based upon any consideration, nor is any particular form necessary. The intention to which

courts give heed is not an intention hidden in the mind of the landowner, but an intention manifested by his acts. Dedications have been established in every conceivable way by which the intent of the dedicator could by evidenced. 13 Cyc.. 452-453. Implied dedication arises by estoppel. 13 Cyc. 454. No formality is necessary to a valid acceptance. McGrath v. Nevada, 188 Mo. 107; City of Hardin v. Ferguson, 196 S. W. 746; Naylor v. Harrisonville, 207 Mo. 349.

*C. R. Skinker* for respondents.

(1) The judgment of the lower court was correct, because under the circumstances of this case attachment was the only method of proceeding permitted by law and was not employed. Former St. Louis Charter, art. 6, section 25. In special taxation the mode of proceeding prescribed by statute must be followed, and any other is void and the charge founded thereon is void. Ruggles v. Collier, 43 Mo. 377; Verdin v. St. Louis, 131 Mo. 97; St. Louis v. Clemens, 43 Mo. 404; Kiley v. Oppenheimer, 55 Mo. 374; Leach v. Cargill, 60 Mo. 316; Trenton v. Coyle, 107 Mo. 193; Nevada v. Eddy, 123 Mo. 558. Said section 25, amending former section 25, nullified the interpretation placed on the former section 25 in Eyermann v. Provenchere, 15 Mo. App. 256 at 271, and now requires a demand. Plummer v. United States, 224 U. S. 144; State v. Railroad, 242 Mo. 359; Bates v. St. Louis, 153 Mo. 22; Brewing Co. v. Canandaigua, 44 N. Y. Supp. 320. Where owners are non-residents and there is no "not found" return of notice of issuance of tax bill, attachment is the only remedy. Section 25, supra. If there be any doubt the proper construction of Section 25, it must be strictly construed in favor of the property owner, and all doubts resolved in his favor. St. Louis v. Realty Co., 259 Mo. 136; Albers v. St. Louis, 268 Mo. 360; In re Clark's Will, 270 Mo. 362; Gould v. Gould 245 U. S. 153. The court is without jurisdiction unless the method of procedure pre-

scribed by statute is followed. Major v. Long, 31 Mo. 372; McCarty v. Railroad, 148 Cal. 217. (2) The judgment below was correct because the tax bills were illegally assessed, in that they divided defendants' land according to the Semple Place plat, which has been nullified by sale under the previous deed of trust. Granite Co. v. McManus, 244 Mo. 190; McShane v. Moberly, 79 Mo. 43. Of this situation the contractor was bound to take notice. Carroll v. St. Louis, 4 Mo. App. 191. (1) Defendants are not estopped to deny the inefficacy of that plat by paying general taxes assessed according to that plat. Paving Co. v. McManus, 244 Mo. 191. (2) The definition of "lot" in section 14 of article 6, of the charter applies to "lot" in section 2 of the same article. Powell v. Sherwood, 162 Mo. 614; Dixon v. Caudill, 143 Ky. 623; State v. Allison, 155 Mo. 330; United States v. Miller, 208 U. S. 38; Plummer v. United States, 224 U. S. 137; Railroad v. United States, 208 U. S. 452; Crossan v. City, 80 N. J. L. 511; Snyder v. Compton, 87 Texas, 379; Parshall v. State, 138 S. W. 765; Rains v. Stone, 123 Pac. 871; Re Kohler, 79 Cal. 313; since they are part of one system of law *in pari materia*. Sales v. Paving Co., 166 Mo. 671; State ex rel. v. Patterson, 207 Mo. 145; State ex rel. v. Gordon, 261 Mo. 646. Such division was without legal authority and the bills are therefore void. St. Louis Charter, section 14, article 6, supra; Cooley Con. Lim. (3 Ed.), p. 738; Upton v. People, 176 Ill. 632; People v. Clifford, 166 Ill. 165; People v. Railroad, 96 Ill. 372. The power of the city to assess is measured by the mode granted by said section 14, but the power actually exercised was not granted and is *ultra vires* and the whole proceeding is void. Ruggles v. Collier, 43 Mo. 353, 377; Verdin v. St. Louis, 131 Mo. 97; Zottman v. San Francisco, 20 Cal. 96 (per Field, J.); St. Louis v. Clemens, 43 Mo. 404; Kiley v. Oppenheimer, 55 Mo. 374; Leach v. Cargill, 60 Mo. 316; Trenton v. Coyle, 107 Mo. 193; Nevada v. Eddy, 123 Mo. 558; Perkinson v. Hoolan, 182 Mo. 189; Whitworth v. Webb City, 204 Mo. 601; Albers v. St.

Louis, 188 S. W. 83. The owner's right to have the tax assessed according to subdivisions of land to which he has assented, or not at all, is not merely technical but of constitutional dignity. Chicago v. Wells, 236 Ill. 130. The decision in Loevy v. Construction Co., 64 Mo. App. 430, has been nullified by the subsequent amendment of the charter changing the phraseology there construed to that now under consideration. Plummer v. United States, 224 U. S. 144; State v. Railroad, 242 Mo. 359; Bates v. St. Louis, 153 Mo. 22; Brewing Co. v. Canandaigua, 44 N. Y. Supp. 317. The decision in Bambrick Co. v. Semple Place Co., 193 S. W., 543, is authority for defendants, because it holds: (a) That in assessing for a sewer, the definition of "lot" in section 14 of article 6, of the then charter was applicable; (b) That where the lower court finds the question of usage of the land in order to define "parcel," such finding can not be reviewed by the appellate court; (c) And here the assessor testified that he made out the tax bills according to the plat alone, and this eliminates the question of usage. (d) Power to issue the tax bills sued upon is not supplied by the assertion that the bills issued are less than if the bills had been properly issued. Allen v. Galveston, 51 Tex. 302; Bowditch v. Boston, 168 Mass. 244; Warren v. Commissioners, 181 Mass. 11. It is a question of power, not of degree of harm. Independence v. Knoepker, 134 Mo. App. 605. Power otherwise lacking, is not supplied by estoppel. Stealey v. Kansas City, 179 Mo. 400, 407. (3) The charter forbids construction of the sewer in private property. Section 15, article 6. Construction in defiance of the prohibition would be *ultra vires* the city. Campbell v. St. Louis, 71 Mo. 110; Dennis v. Brotherhood, 119 Mo. App. 221. Where part of a sewer is built through private property against the will of the owner thereof, the tax bills issued therefor are void. St. Louis v. Armstrong, 56 Mo. 301; Spaulding v. Wesson, 115 Cal. 444. (a) The sewers ordained by Ordinance 25399 constituted an entirety, and failing of legality in a

material part thereof, the right to assess any tax at all does not attach. State v. Chamberlain, 37 N. J. L. 394; Independence v. Gates, 110 Mo. 385; Bloomington v. Reeves, 171 Ill. 161; Spaulding v. Wesson, 115 Cal. 444; Water Co. v. Paterson, 65 N. J. L. 472. (b) The tax bills being based upon a trespass, are void. Lorenz v. Armstrong, 3 Mo. App. 574; Springfield v. Baxter, 166 S. W. 366; Walther v. Cape Girardeau, 176 Mo. App. 467; Re Rhinelander, 68 N. Y. 105; Re Cheesebrough, 78 N. Y. 232; Railway v. Allegheney, 92 Pa. St. 100; Hannibal v. Richards, 82 Mo. 330; Bridge Co. v. Kirkham, 54 Cal. 558; Philbrook v. Kennebec, 17 Maine, 196; Baltimore v. Hook, 62 Md. 371; Richter v. Mayor, 54 N. Y. Supp. 150; Johnson v. Duer, 115 Mo. 366, cited by appellant, does not apply here because (1) there the illegal sewer was not built on land of the complaining party, but on others' land, and no trespass was committed against complainants, and (2) the owners of the land trespassed on did not complain. (4) Appellant's claim to eliminate the cost of sewers illegally built on defendants' land and hold the bills good for the balance must be rejected because:—(1) The petition stated no such cause of action. (2) Such a judgment would be outside the issues and violate both State and Federal constitutions. Charles v. White, 214 Mo. 187; Reynolds v. Stockton, 140 U. S. 254; Standard Oil Co. v. Missouri, 244 U. S. 270 at 281; (3) The charter then in effect does not permit it. Charter, article 6, section 25. Power thereby specifically conferred to reduce bills for defective workmanship and materials excludes authority to reduce for any other cause. Maguire v. Savings Association 62 Mo. 344; United States v. Macon County, 99 U. S. 582; Williamson v. Brown, 195 Mo. 328; Kansas City v. Association, 145 Mo. 53; St. Louis v. Contracting Co., 202 Mo. 465; Perkins v. Thornburgh, 10 Cal. 191. This is the only mode in which the tax bills could be reduced. St. Louis v. Clemens, 43 Mo. 404. Neil v. Ridge, 220 Mo. does not affect this case

because it is construction of a different statute. State v. Railroad, 242 Mo. 359.

BECKER, J.—This is an appeal by plaintiff from a judgment of the circuit court of the city of St. Louis in favor of the defendants upon certain special tax bills issued for the work of constructing sewers in Harlem Creek Sewer District No. 7, in St. Louis. The seven tax bills in issue aggregate $5750.61.

It is not necessary to set forth the petition in the case as its sufficiency is not challenged. The petition is in the usual form to enforce the alleged lien of seven special tax bills issued July 29, 1912, to the plaintiff bank's assignor, by the city of St. Louis, for the alleged construction of district sewers against seven alleged separate parcels of land in St. Louis, according to streets and alleys conforming to those shown on a plat of the so-called Semple Place, recorded in the office of the Recorder of Deeds for the city of St. Louis, on December 24, 1892.

As to the answer it is sufficient to state that among other things it alleges that the lots or parcels of land against which the seven tax bills were issued, constituted one entire tract of land which, since January 1, 1909, was the private property of defendant, J. Denniston Lyon, trustee, under the will of Charles J. Clarke, deceased; that the tract had never been laid out or subdivided and that Kossuth, Brown and Slevin avenues, in said tract, and upon which parts of the sewers in question were laid, were the private property of defendant, J. Denniston Lyon, trustee. That parts of the sewers in question were constructed on the said so-called streets and alleys, without the consent of the said trustee, Lyon, or the beneficiaries of the trust. The answer then alleges that each tax bill is void because it is assessed against a part of a single parcel of land; because the ordinances are invalid in that they require parts of the sewer to be built on the private property of the defendants; because the enforcement of the bills would

5—Mo. App.

deprive the defendants of their property without compensation or due process of law, contrary to the Constitution of the United States and of the State of Missouri,

The answer, as stated, is pleaded in seven counts, each count being directed at a count in the petition, and each setting up, among others, the above defenses. The answer to each count, however, includes a prayer that should the tax bills be held valid, nevertheless the court should reduce the tax bills to such an amount as would represent the proportion of the cost of the sewers, exclusive of those constructed on defendants' land. The reply was a general denial.

As to the trial, plaintiff having made out a prima-facie case, the defendants offered in evidence deeds effecting title to the lots described in the tax bills and embracing the land included in the sewer bills, and also other land, and effected by this suit. These deeds show that the land in question, together with other land, was conveyed by Charles J. Clarke and wife to John V. Hogan on October 11, 1892; that on said date said Hogan executed a deed of trust on the said land, including the land in question, to William Booth, trustee for the said Charles J. Clarke. On November 15, 1892, said Hogan conveyed the land in question, by warranty deed, to the Semple Place Realty Company. Defendant next offered in evidence the plat of Semple Place, executed December 6, 1892, by the Semple Place Realty Company, John V. Hogan and one Christiana Winklemeyer, acknowledged and recorded in the Recorder's Office of the city of St. Louis, December 24, 1892, said plat subdividing the land against which the said tax bills were issued, into lots described in said tax bills, the streets and alleys being designated thereon.

The deed of trust on the said land, of October 11, 1892, was foreclosed and the defendants offered in evidence a trustee's deed from William Booth, trustee for John V. Hogan, to Charles J. Clarke, dated May 17, 1897, reconveying said land which had been sub-

divided, as aforesaid, and a plat thereof recorded. Defendants also introduced the will of said Clarke, showing the probate thereof of January 7, 1900, by which will John V. Hogan and Frank Semple were made trustees for the residuary estate, embracing, among others, the land against which the tax bills were issued, for the benefits of defendants Louisa S. Clarke, Thomas S. Clarke, Louis S. Clarke, Joseph K. Clarke, Mabel McCrea, Mildred Painter, Clarke Painter and Alden Painter.

Defendants introduced testimony, which was not contradicted, to the effect that a portion of the sewer constructed under the ordinances creating the sewer district, was located on what was alleged to be Brown, Slevin, and Kossuth avenues and certain alleys all of which said streets and alleys were located on a part of said Semple Place, as appears on the recorded plat thereof, hereinabove mentioned.

Leo Osthaus, the Assessor of special taxes for the city of St. Louis, a witness for the defendants, testified that part of the sewer district had been constructed upon the above named avenues and alleys as shown on the recorded plat of Semple Place, and that he had assumed from the recorded plat that these avenues were open streets, but that at the time of the drawing of the bills in suit he had not personally known anything about the physical characteristics of the particular parcels of land and had not seen the land prior to that time, but that he had assessed the property according to the plat which showed the streets and alleys thereon as shown by the said records, since 1892, and that in calculating the area of the district against which the tax was assessed the witness had treated the so-called streets and alleys in Semple Places as open streets and alleys and not as belonging to the Clarke estate, but as highways.

On cross-examination the witness testified that in figuring out the area of defendants' property, to be charged with its proportion of the costs of the entire

sewer, the area of the streets and alleys claimed by de-
fendants. to be private property, had been included, to-
wit: 123,151 square feet; that the total cost of the
sewer was $89,717.98; that the cost of the construction
of that part of the sewer of which defendants complain,
namely on Brown, Kossuth and Slevin avenues, and
the alleys, as shown on the plat of Semple Place, was
$2872.36; that if there were deducted from the total
cost of the sewer the cost of constructing the sewer
claimed to be on the private property of the defendants,
the total cost of the sewer would be reduced to $86,845.-
42; that if the defendants' property was treated as one
entire tract, and if the area of the streets and alleys
which defendants claim to be private property, are
figured in determining defendants proportion of the
reduced cost of the sewer, then in spite of the reduction
of the total cost of the sewer from $89,717.78 to $86,845.-
42, the plaintiff's proportion of the reduced total cost,
by reason of the increased area caused by the inclusion
of the streets and alleys which defendants claim are
their private property, will be $7,179.55 instead of the
present charge against the property of $5,750.61; that
the general taxes had been assessed against the property
according to the said recorded plat of Semple Place,
said assessment for general taxes treating the streets
and alleys shown on the plat as though such streets and
alleys were public property, and that the general taxes
had been paid since 1892 on the city blocks as shown
on the plat, and no taxes paid on the streets and alleys
claimed to be private property, as designated on the
plat.

Charles R. Skinker, a witness for defendants, testifi-
ed that he had known the land against which the tax
bills sued upon were issued since prior to 1908 and
continuously from that time up to the date of the trial;
that prior to the enactment of ordinance for the con-
struction of the sewer for which the tax bills here sued
upon were issued, the said land was surrounded by one
wire fence without any buildings or improvements of

any kind upon it; without any open ways or streets; with a great many trees upon it, and had previously been used for pasture for herds of cattle for a neighboring dairy; that the defendants are all residents of Pennsylvania or New York and have been non-residents for many years. The witness further testified that he had been the attorney for Mr. Lyon, one of the trustees, since 1910; that the witness had first learned of the construction of the sewer when the bills were presented to him for payment and he went out to the land and found scars on the land where the sewer had evidently been laid; that the defendants had given no permission or license to build sewers on this land; that there had never been any streets upon the property, or alleys, and up to the time of the trial there was no evidence that there ever had been any streets on the land.

Thereafter, the court found the issues joined on each of the seven counts of the petition in favor of all defendants upon the pleadings and proof adduced, and adjudged that plaintiff take nothing by said counts, that all defendants be discharged and recover of plaintiff their costs of the action. Plaintiff in due time filed a motion for new trial, which was subsequently overruled, and plaintiff appeals.

According to learned counsel for appellant the only question in this case is, "are the tax bills void because issued against separate lots instead of against an entire tract?"

Let us first determine whether or not the tax bills should have been issued against the property in question as an entire tract instead of being assessed in lots, as set out upon the recorded plat of Semple Place, thereby excluding that portion of the property which was designated as streets and alleys in said recorded plat. From the statement of facts in the case, supra, it appears that at the time of the dedication of the streets and alleys in Semple Place, in 1892, by Hogan, the Semple Place Realty Company, and one Christina Winklemeyer, that said dedication was subject to a

deed of trust from Hogan to Charles J. Clarke, from whom Hogan had acquired the property, and that such deed of trust was foreclosed in May, 1897, and the property reacquired by said Clarke at such sale. It further appears that the city of St. Louis had not entered upon or taken possession of any of the streets and alleys designated upon such recorded plat of Semple Place up until the time when it constructed the said sewers thereon, and the testimony further established the fact that the defendants were non-residents and had no actual knowledge that the said sewer was to be constructed upon the said property, and that the tax bills had been issued in the belief that the tract of land was subdivided into blocks according to such recorded plat of Semple Place. Upon this state of facts we hold that the learned trial court properly held that as to defendant Clarke there had been no dedication of the land in question and as to him the property had to be assessed as one entire tract because the conditional dedication of the streets and alleys, as had been made by the filing of the plat of Semple Place by Hogan in 1892, had been wiped out by the foreclosure of the deed of trust which was existing and of record against the said property at the time such dedication was made. [McShane v. City of Moberly, 79 Mo. 41, 1. c. 43; Funckhouser v. Lay, 78 Mo. 458.] But learned counsel for appellant argues that to so hold "totally ignores the question of usage, a controlling question. It was shown that the defendants had paid their general taxes for eighteen years on the property as subdivided on the recorded plat, and had not paid any taxes on those portions shown on the recorded plat as streets and alleys and had thereby profited by not paying taxes on 123151, square feet from 1897 to 1916, the date of the trial."

Thus is injected the question as to whether by any acts on the part of the defendants they are estopped *in pais*. While the doctrine of estoppel *in pais* has long been recognized to the effect that a dedication by a

deed is not the sole manner in which dedication of real estate for public use may be made, yet, as was said in Landis v. Hamilton, 77 Mo. 554, "where, without judicial proceeding or compensation, or solemn from of conveyance, it is sought to establish *in pais* a divestiture of the citizen's landed property in favor of the public, the proof ought to be so cogent, persuasive and full as to leave no reasonable doubt of the existence of the owner's intent and consent."

Examining the facts in the case before us we readily conclude that they do not measure up to this test, but are clearly inconsistent and irreconcilable with any construction other than that the owners of the property did not give their consent to said dedication.

The fact that the defendants paid the taxes as they were assessed, namely, according to the plat of Semple Place, was not sufficient in law to estop them from denying the nullification of the recorded plat of Semple Place, for, as was stated in a recent case, the fact that the property continued to be assessed by lot numbers (after 1897) "may logically be attributed to the fact that it was on the books in that way and no change was made in that respect. Defendants paid their taxes as they found them assessed and it required no act of theirs to cause that kind of an assessment." [Granite Bituminous Pav. Co. v. McManus, 244 Mo. l. c. 190, 148 S. W. 621.] Nor was the payment of taxes, as assessed, such an act as could be held to evidence the intent of the owner of such as would be tantamount to a common law dedication; furthermore these were no evidential acts of acceptance by the city; assessing the property for taxation by lots and block numbers, as per plat, and cannot be considered as such, for an assessor has no power to accept the dedication of a street (Granite Bituminous Pav. Co. v. McManus, supra), and the city could only have acted through its duly constituted officers (Landis v. Hamilton, supra; Brinck v. Collier, 56 Mo. l. c. 169), nor was there any public user of the streets designated on the recorded plat of Semple

Place. [See Kansas City Milling Co. v. Riley, 133 Mo. 574, 34 S. W. ˙835, and cases cited.] It naturally results that the tract of land owned by the defendants should have been treated as an entirety and not as separate lots as laid out in the recorded plat of Semple Place.

Inasmuch as section 21, of article 6, of the Charter of the city of St. Louis, relating to district sewers, provides that as soon as a district sewer is "fully completed, the Sewer Commissioner shall cause to be computed the total cost thereof, and certify the same to the President of the Board of Public Improvements, and the president of said Board shall assess it as a special tax against all the lots of ground in the district respectively without regard to improvements, and in the proportion that their respective areas bear to the area of the whole district, exclusive of public highways, *and shall cause to be issued a special tax bill against each lot in district.* (italics ours), giving the name of the owner thereof, in favor of the contractor, which shall be collected and paid in the manner hereinabove prescribed," we must hold the several special tax bills sued on herein by plaintiff to be void on the ground that they are not issued in accordance with the said requirements of the Charter of the city of St. Louis. As has aptly been stated, the ability of a city to create a lien on the property of the abutting owner for streets and sewer improvements is not founded upon any pre-existing right, but is *in invitum*, and rests exclusively on a substantial adherence to the method prescribed by the ordinance authorizing the same and of the charter as its basic. power. [Barber Asphalt Pav. Co. v. Munn, 185 Mo. l. c. 574, 83 S. W. 1062; Sheehan v. Owen, 82 Mo. ˙458, l. c. 465.]

It is probably well to note that such sewers as were laid along the land that appears on the recorded plat of Semple Place as streets and alleys, were built upon private property of the defendants and the cost thereof should have been deducted from the total cost of the

sewers in the said Harlem Creek Sewer District No. 7. [See City of Springfield, ex rel. v. Baxter, 180 Mo. App. 40, 165 S. W. 366; City to use of Lancaster v. Armstrong, 56 Mo. 298; Kurtz v. Knapp, 127 Mo. App. l. c. 611, 106 S. W. 537; Duckworth v. City of Springfield, 194 Mo. App. l. c. 55, 184 S. W. 476.]

That the contractor should receive nothing from the defendants for their proportionate share of the cost of the district sewer, figured on a basis of the sewers laid, excluding the cost of the sewers that were inadvertently placed upon defendants private property, would indeed be a great hardship, particularly so in this case where the record shows that the defendants were in point of fact benefited by the errors complained of, instead of suffering a loss thereby. This suggests the question whether the contractor may not be legally entitled to have new tax bills issued in lieu of those sued upon, providing he is within the period of limitation. [Article 4, section 25, Charter of the City of St. Louis (1876); Eyerman v. Payne, 28 Mo. App. 72; Eyerman v. Provenchere, 15 Mo. App. 256; Galbreath v. Newton, 45 Mo. App. 312.] If so, then the defects that have been asserted by the defendants in the case, and decided adversely to plaintiff, should be avoided in issuing such new tax bills.

It follows from what we have said that the judgment of the circuit court is affirmed.

*Reynolds, P. J.,* and *Allen, J.,* concur.


ON REHEARING.


PER CURIAM:—A rehearing was granted herein for the reason that the former opinion filed in the case produced a result obviously inequitable and unjust, one which strongly appealed to us as calling for a different conclusion, if it was possible so to do in light of and consistent with the controlling opinions of the supreme court touching the matters in hand. We have reluctantly arrived at the conclusion, on rehearing, that the judgment below must be affirmed for the reasons

stated in the opinion heretofore filed. In spite of the hardships of the case we feel bound to agree with the conclusion reached by the learned trial court, in effect, that the failure to comply with the mandatory provisions of the charter in respect to the method of assessment has the effect of vitating the special tax bills and rendering them void. The opinion heretofore filed herein is adhered to and adopted as the opinion of the court and the judgment of the circuit court is affirmed.

·All concur.