THE CITY OF ST. LOUIS, *Appellant,* v. THE ST. LOUIS UNIVERSITY.

1. **City** : DEDICATION OF STREET, ACCEPTANCE OF. There can be no dedication of land to a city for a street without an acceptance of the same by it.

2. ———— : ————. A city cannot accept the dedication of land out-side of its territorial limits for street purposes.

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Leverett Bell* for appellant.

(1) The plat of "Connor's addition to St. Louis," made in 1817, and the conveyances through which the defendant now holds its property adjoining Tenth street, made in the years 1820, 1821, 1827, 1828 and 1849, recognizing said plat and conveying premises, describing them as bounded by Tenth street, as established by said plat, amounted in law to a dedication of the street for public use. Angell on Highways, sec. 142, fully sustained by *Livingston v. Mayor,* 8 Wend. 85 ; *Wyman v. Mayor,* 11 Wend. 486 ; *Matter of Thirty-second Street,* 19 Wend. 128 ; *United States v. Chicago,* 7 How. 196 ; *Irwin v. Dixon,* 9 How. 31 ; *Rector v. Hartt,* 8 Mo. 457 ; *Hannibal v. Draper,* 15 Mo. 634 ; 2 Dill. Mun. Corp. (3 Ed.) sec. 640. (2) The right to the premises was not lost by non-use. 2 Dill. M. C. (3 Ed.) sec. 675 ; *Commonwealth v. Alberger,* 1 Whar. 486 ; *Philadelphia v. Railway,* 58 Pa. St. 263 ; *City v. Canal Co.,* 12 N. J. Eq. Rep. 561. (3) But the possession of the defendant of the street in controversy was a permissive, and not an adverse possession, and, therefore, although such possession has continued since 1829, it has not ripened into

a title.    Angell on Limitations, sec. 354; *Lane v. Kennedy*, 13 Ohio St. 42; *Pease v. Lawson*, 33 Mo. 35. (4) The fact that taxes were assessed on the premises sued for, and payment thereof made by the defendant, does not estop the city from claiming the property.    *St. Louis v. Gorman*, 29 Mo. 593. (5) A municipal corporation can maintain ejectment for a street.    (6) The court erred in refusing instructions as asked by plaintiff and in giving instructions for defendant.

*Madill & Ralston* for respondent.

(1) The evidence is insufficient to establish a dedication of the premises in controversy to the city.    To constitute such dedication there must be first a plain, unequivocal intention to appropriate the property to public use, and also an acceptance, by user or otherwise, by the public.    *Becker v. City of St. Charles et al.*, 37 Mo. 13; *Brinck v. Collier*, 56 Mo. 160; *State v. Carver*, 5 Strobh. (So. Car. Law) 217; *Remington v. Millerd*, 1 Rh. I. 93, 97; *Holdane v. Trustees of Cold Spring*, 21 N. Y. 474—(affirmed in *Bissell v. N. Y. C. Ry.*, 23 N. Y. 65); *People v. Baubien*, 2 Doug. (Mich.) 256; *Livandias v. Municipality*, 16 La. 509, 514–15; *David v. Municipality*, 14 La. An. 872; 2 Greenl. Ev. (13 Ed.) sec. 662.    (2)    But even if there was sufficient proof of dedication to the city on the part of Conner, there is no evidence whatever to show acceptance of it by the city. Acceptance is as essential as a dedication.    *Becker v. City, etc.*, 37 Mo. 13; *Brinck v. Collier*, 56 Mo. 160; *Irwin v. Dixon*, 9 How. 10.    (3) Such acceptance must be made within a reasonable time.    *Crockett v. City, etc.*, 5 Cush. 182; *Baker v. Johnson*, 21 Mich. 345; *Guthrie v. New Haven*, 31 Conn. 323.    (4) The city is estopped to deny the ownership of the property in dispute by defendant and its grantors whom it has permitted, under claim of right, to occupy the same ever since it was brought into the city in 1841 and pay taxes thereon

levied by itself. *Simplot v. Dubuque*, 49 Iowa, 630, citing *Bullis v. Noble*, 36 Iowa, 618 ; 2 Dill. Mun. Cor. sec. 533 (2 Ed.) being sec. 675 of 3 Ed.; *Brinck v. Collier*, 56 Mo. 160.   (5) The premises in question have been in the actual, open, notorious, exclusive, uninterrupted, adverse possession and private occupancy of defendant, under a claim of right, evidenced by inclosure on all sides and valuable improvements thereon erected, for fifty-two years before this action was brought.   Such being the case, the plaintiff's rights, if any it ever had, are barred by the statutes of limitation.   *County of St. Charles v. Powell*, 22 Mo. 525 ; *Callaway County v. Nolly*, 31 Mo. 393 ; *Abernathy v. Dennis*, 49 Mo. 469 ; *School Directors of St. Charles Township v. Georges et al.*, 50 Mo. 194 ; *McCartney et al. v. Alderson et al.*, 54 Mo. 320 ; *State v. Culver*, 65 Mo. 607 ; *State v. Young*, 27 Mo. 259 ; *Alves Executors and Heirs v. Town of Henderson*, 16 B. Mon. 131, 69, 72 ; *Knight v. Heaton*, 22 Vt. 480 ; *Davies v. Huebner*, 45 Iowa, 574 ; *Varick v. New York*, 4 Johns.   Ch. 53 ; *Baldwin v. Buffalo*, 29 Barb. 396 ; 8 Ohio, 298 ; 5 Ohio St. 594.

HENRY, C. J.—This is a suit in ejectment to recover a strip of land sixty feet wide fronting on the north line of Washington avenue in the city of St. Louis, and extending thence northwardly about two hundred and twenty-five feet to the south line of Christy avenue, and which plaintiff alleges forms a part of Tenth street.   On a trial of the cause there was a judgment for defendant, from which an appeal was taken to the court of appeals, by which the judgment was affirmed *pro forma*.   The city relies upon a dedication of the strip of land in controversy as a street, by Jeremiah Conner in 1817, by a plat of an addition to St. Louis made by him, in which this street was marked and defined, and recognition thereof in subsequent deeds by successive owners of the abutting land.   When Conner's plat was made, the par-

· cel of land in dispute was within the limits of the town, but in 1822 the charter fixed the western limit of the city east of this land, and it remained unchanged until 1841, so that from 1822 to 1841 this strip 'was not within the limits of the city.

After the alleged dedication and while the land was within the city limits, no formal act of acceptance on the part of the corporation, nor any public use of this strip as a street, was shown, and the first act relied upon as an acceptance or recognition of the dedication occurred in 1824.    On July 10, 1823, Rene Paul, then city surveyor, was ordered by the board of aldermen to make and return to the board a plat of the city.    He made the map and embraced in it the property platted by Conner in 1817, showing Tenth street on the map as it is now sought to open it.    This map was approved by ordinance March 29, 1824.    But when this map was made and approved neither the strip nor the land east of it for a considerable distance was within the city limits.

The city had no jurisdiction.'   It could then no more accept a dedication of this street than of one miles distant from the city limits.    From that day to the institution of this suit in 1881, a period of sixty-two years, nothing has been done indicating an acceptance of the dedication, and at least fifty years ago this strip of land was enclosed and substantial buildings' erected upon portions of it, which have ever since been occupied and used.    There is no necessity to resort to the statute of limitations, to defeat the plaintiff's claim.    To constitute a dedication to the public otherwise than as the statute provides,   the intention to make it must be clear ; yet, however clear the intent to make it the object is not accomplished until its acceptance by the public by use or otherwise.   *Becker v. City of St. Charles et al.*, 37 Mo. 13 ; *Brinck v. Collier*, 56 Mo. 160.   No private person can establish a public highway over his land without the consent of the public.   In this, as in matters

of contract between individuals, it takes more than one to make a bargain. Said Ch. J. Williams in *Page v. Weathersfield*, 13 Vt. 429: "I know of no way in which an individual can lay out a highway for his own benefit and compel the town to adopt it." Until an acceptance the owner may resume his dominion over the property as against the public and thus revoke a dedication, made otherwise than as provided by statute. As between him and persons who have acquired individual rights to have it left open as a highway a different question would be presented, but it is not in this record. The *People v. Beaubien*, 2 Doug. (Mich.) 269, has several times been cited with approval by this court. There the proprietor had laid out an addition to the city of Detroit, and on his plat marked a street which the city never recognized and the court held that there was no dedication so far as the public was concerned.

There is no testimony in this case tending to show that the strip in controversy was ever used as a street or public highway for a day or an hour, within the sixty-nine years which have elapsed since Conner made his plat, or that anything has been done by the city with respect to this strip of land, except the approval of the map made in 1823 by Rene Paul, who had the same authority to embrace in his map the entire county of St. Louis, as to include that platted by Conner in 1817. The map made by Paul and its approval by the board of aldermen of the city, have no legal significance whatever, for it is a conceded fact that when it was made and approved the land was not within the limits of the city. The approval of the map was an act of the most equivocal character, so far as relates to that portion of the land included in it, beyond the city limits. But even if it was as clear as sunlight that the board meant by that approval to accept on behalf of the city the dedication made by Conner, it was a matter not within their jurisdiction, and in which the city then had no concern. The judgment is affirmed. All concur.