The State ex rel. Mermod v. Heege.

STATE OF MISSOURI *ex rel.* A. S. MERMOD, Relator, v. THEODORE HEEGE *et al.*, Judges of the County Court of St. Louis County, Missouri, Respondents.

**St. Louis Court of Appeals, January 21, 1890.**

1. **Prohibition:** ACTION TO RESTRAIN ESTABLISHMENT OF COUNTY ROAD. A writ of prohibition will not lie, when the tribunal, against which it is asked, has jurisdiction, and the action complained of is subject to review upon appeal. Rule applied to case, wherein a county court undertook to establish a road conjointly with a town.

2. **County Court:** POWER TO ESTABLISH COUNTY ROAD. *Semble,* a county court has no right to establish, conjointly with a town, a county road which is to be partly within the boundaries of such town.

*Original petition for writ of prohibition.*

WRIT DENIED.

ROMBAUER, P. J., delivered the opinion of the court.

The relator applied for a writ of prohibition against the judges of the county court of St. Louis county, to prohibit them from further proceeding in the establishment of a new county road, on the ground that it appeared upon the face of the proceedings that the court had no jurisdiction in the premises. Issuance of the writ was waived, and the judges appeared and made return.

From the petition and return the following facts appear: A petition was presented to the county court to establish a county road, sixty feet wide, conjointly with the town of Kirkwood, or, in other words, on the dividing line between the town of Kirkwood and St. Louis county, a width of thirty feet of said road to be within the town of Kirkwood and a similar width in the county of St. Louis. The court, upon the report of the road commissioner, proceeded to establish a road sixty feet wide, and appointed commissioners to assess benefits and damages, who made their report, and the relator's exceptions to such report were pending, when he applied to this court to interfere by writ of prohibition.

The county court of each county has original exclusive jurisdiction over the subject of establishing county roads of not less than thirty, nor more than sixty, feet in width (Laws of 1887, p. 246, sec. 2); and any party aggrieved has a full remedy by appeal to the circuit court, where the case is tried anew. (Laws, 1887, p. 248, sec. 10.) The action of the county court, therefore, in the present instance is not a usurpation of judicial authority, but, at most, error for which the proper remedy of the party aggrieved is by appeal. *State ex rel. v. Seay*, 23 Mo. App. 623, 630. While the proceedings before the county court are pending, we cannot determine whether its ultimate action will result in a judgment beyond its jurisdiction. It results that the writ must be denied.

In view of the fact that costs may be incurred, and the parties be subjected to harassing litigation in resisting an attempt of the county court to establish a county road, or part of a road, within the boundaries of the town of Kirkwood, I deem it proper to add that no warrant for such a proceeding has been shown to us, and that two of the judges of this court feel satisfied that no such power exists.

Judge BIGGS concurring, the writ of prohibition is denied. Judge THOMPSON concurs in the result.