THE TOWN OF OTTERVILLE v. IDA E. BENTE
and J. Y. BENTE, Appellants.

Division Two, February 27, 1912.

1. **TOWNS: Filing Plat: Statutory Dedication of Streets.** Where
the plat to an addition to a town was, in 1859, duly executed,
acknowledged and filed in the office of the county recorder of
deeds, there was a statutory dedication of the streets indicated
thereon. The fee to those streets vested at once in the public
by force of the statute, and no further acceptance was necessary.

2. ——————: ——————: **Common Law Dedication of Streets.** Even
though the plat was insufficient under the statute, it and the
subsequent sale of the lots thereunder, and building the town
chiefly in this addition on the lots along the streets laid out
therein, and the acceptance by the town and the public of most
of the streets in their entirety (and of the major portion of the
streets sought now to be opened), coupled with the sale, ac-
cording to the plat, of all the lots abutting on the parts of the
streets now in dispute, constituted a common law dedication and
an acceptance of the plat in its entirety and of the whole of all
the streets as marked on the plat.

3. ——————: ——————: **Streets: Adverse Possession: Necessary Evi-
dence.** The land comprising that part of two streets now
sought to be opened by the town is shown to have been in
private possession at a time when the Statute of Limitations
ran against the public, but that possession did not continue
long enough to divest title and is not coupled by the evidence
with the subsequent possession of others nor with that of de-
fendants. *Held*, that the evidence is not sufficient to warrant
a finding that the public had been divested of title by adverse
possession. The burden was on defendants, and they failed to
carry it.

Appeal from Cooper Circuit Court.—*Hon. W. H.
Martin*, Judge.

AFFIRMED.

*Bente & Wilson* for appellants.

When the plat was filed the lands therein described
as streets and alleys should have been taken charge of

by the city and used for the purposes for which it was set aside as provided by the statutes. R. S. 1855, secs. 1, 8; R. S. 1899, secs. 8955, 8959; R. S. 1855, p. 1535; R. S. 1865, p. 247; R. S. 1879, sec. 6569; R. S. 1889; sec. 7309. There is no evidence any where in the records to show that the town ever accepted the streets in question. The town must accept the streets. Mere user by the public will not establish a street. Downend v. Kansas City, 156 Mo. 60; Downend v. Kansas City, 71 Mo. App. 529. The evidence clearly shows that plaintiff never accepted the streets in question and if it did it immediately abandoned them for they never were used as streets. State v. Young, 27 Mo. 259; R. S. 1899, sec. 9472. Plaintiff should have accepted said streets by user or by an ordinance. Vossen v. Dantel, 116 Mo. 379. There can be no dedication of land to a city for a street without an acceptance of the same by it. St. Louis v. St. Louis University, 88 Mo. 155. Prior to the adoption of the statutes of 1865, the Statutes of Limitations ran against the government as well as against the citizen. The statute invoked by the defendants took effect on August 1, 1866, and was prospective only in its operation. R. S. 1855, p. 1045; R. S. 1865, p. 745, 746; Dice v. Hamilton, 178 Mo. 89; Ins. Co. v. St. Louis, 98 Mo. 422; Mississippi Co. v. Vowels, 101 Mo. 225, 204 Mo. 98. Defendants and their predecessors had entered into the possession of the lands in question prior to 1865 and are still in the possession of the same. The plaintiff's right of action has long since been barred. The right of entry accrued before its enactment. Dice v. Hamilton, 178 Mo. 89; Ins. Co. v. St. Louis, 98 Mo. 422; McCune v. Goodwillie, 204 Mo. 306; Stone v. Perkins, 217 Mo. 586; Hubbard v. Stevens, 218 Mo. 615. Defendants or their predecessors have been in possession of said lands since 1858 to 1860, and the ten-year Statute of Limitation has barred plaintiff's cause of action. Dice v. Hamilton, 178 Mo. 89; Ivy v. Yancey,

129 Mo. 501; R. S. 1899, secs. 4262. So also the thirty-year Statute of Limitation has barred the plaintiff. R. S. 1899, secs. 4268; Campbell v. Greer, 209 Mo. 215

*Roy D. Williams* for respondent.

(1) Wear and Sanders are the common source of title. They, in 1859, duly acknowledged and filed a plat of their second addition, dedicating the ground sued for as a street of the city of Otterville. Those claiming uner Wear and Sanders are estopped to question this plat. Hannibal v. Heirs of Draper, 15 Mo. 640; Hannibal v. Heirs of Draper, 36 Mo. 336; Nayler v. Harrison, 207 Mo. 350. (2) Otterville was first incorporated in 1857, and plat was filed in 1859. The State at that time did not require a plat to be accepted by a city. A requirement that a plat should be accepted by a city first made its appearance in our laws in the Acts of 1887 (Laws 1887, p. 227). The case cited by appellant lays down the proposition that in 1859 no acceptance was necessary. Downend v. Kansas City, 156 Mo. 60. (4) Such possession as shown by defendant could not start the Statute of Limitations, for there is no privity between the "Irishman" and the defendants. To tack possessions, privity is necessary. Cripen v. Hannaban, 50 Mo. 536; Adkins v. Tomlinson, 121 Mo. 494.

BLAIR, C.—According to the plat of Wear and Saunders' Second Addition to the Town of Otterville, Missouri, Boonville street running north and south, and Grover street running east and west, intersect each other in the northwestern part of that addition. The purpose of this action is to open that part of Grover street running west from its intersection with Boonville street four hundred and twelve feet to the west line of the addition and that part of Boonville street running north from the same point two hundred and seventy feet to the north line of the addition.

At the beginning of the trial the following stipulation was entered into by the parties and filed:

"In order to avoid unnecessary costs, the following facts are to be taken as agreed to upon the trial of this case.

"First. The town of Otterville was incorporated by an act of the Legislature in 1857 and that said act was amended in 1859, and that said town was re-incorporated under and in accordance with the general statutes of Missouri for the year 1899, and that said re-incorporation of said town occurred within the last three or four years, and that either party shall have the right to read said laws in evidence without any further proof of the same, and that said town of Otterville is now and was at the commencement of this suit duly incorporated as a village under Laws of 1899.

"Second. That Sarah A. Saunders and husband S. M. and Wm. G. Wear, is the common source of title to said land in question.

"Third. That on September 13, 1859, the plat of Wear and Saunders' second addition to the town of Otterville, Cooper county, Missouri, was filed in the recorder's office of Cooper county, Missouri, and that the land in question is covered by said plat and that Wear and Saunders' second addition to Otterville, Missouri, was laid out by the owners of said land.

"Fourth. That the defendants are in possession of the land sued for and were at the time of the institution of this suit and for a long time prior thereto.

"Five. The issue to be tried is the right to the possession of the land in question."

Counsel for defendants admitted on the trial that "Wear and Saunders' second addition to the town of Otterville covers the best portion of the village of Otterville as it now exists" and that "all the lots, as shown by the copy of the plat of Wear and Saunders' Second Addition to the village of Otterville, all the lots east of Boonville street have been disposed of

and improved, and all the alleys and streets, as shown. by the plat, have been opened and used, but there have been no improvements west of Boonville street, nor have any streets or alleys been opened west of Boonville street.'' That part of the addition west of Boonville street is a very small part of the whole.

. A copy of the original plat was admitted, the objection to it as a copy being expressly waived, and evidence that the original was properly acknowledged and filed in the office of the recorder of deeds September 13, 1859, and that it had subsequently been lost, was offered and not controverted. Only a part of the plat appears in the record in this court.

For the defendants there was evidence that about 1861 one Hinch took possession of the west end of that part of Grover street involved in this action and retained possession five or six years. Thereafter he abandoned his possession and about 1870 one Arney took possession and fenced a larger tract, including that formerly fenced by Hinch. The lots south of and abutting on the part of Grover street here in dispute were owned at the time of the trial by George Arney and Thomas Thompson, Thompson owning two and Arney the rest. The lots on the north were owned by the heirs of S. W. Potter. No deed to defendants was in evidence nor does the evidence disclose how. long they had been in possession of the parcels in dispute.

I. It is contended that the title to the parts of Grover and Boonville streets involved in this controversy never vested in the public, because, it is said, the plat was not properly executed and acknowledged and no acceptance of the particular parts of the streets mentioned is shown.

If the evidence that the plat was duly executed, acknowledged and filed in the office of the recorder of deeds of Cooper county was true, this was a statutory

dedication of the streets, and the fee thereto vested at once in the public by force of the statute (Sec. 8, chap. 158, R. S. 1855), and no further acceptance was necessary. [Reid v. Board of Education, 73 Mo. l. c. 304; Becker v. St. Charles, 37 Mo. l. c. 18; Brown v. Carthage, 128 Mo. l. c. 17.]

If the plat filed was defective and insufficient under the statute, it and the subsequent sale of lots thereunder, and building the town chiefly in this addition on the lots along the streets laid out therein and the acceptance by the town and the public of most of the streets in their entirety and the major portion of Grover and Boonville streets themselves, coupled with the sale, according to the plat, as indicated by the evidence, of all the lots abutting on the parts of Grover and Boonville streets now in dispute, constituted a common law dedication and an acceptance of the plat in its entirety and the whole of all the streets as marked on the plat. [Heitz v. St. Louis, 110 Mo. l. c. 624, 625; Railroad v. Baker, 183 Mo. l. c. 322; Indianapolis v. Kingsbury, 101 Ind. l. c. 212, and cases cited; Stetson v. Dow, 16 Gray, 372.]

II.   The evidence is not sufficient to warrant a finding that the public had been devested of title by adverse possession. Hinch's possession commenced, it is true, at a time when the statute ran against the public but did not continue long enough to devest title and is not coupled by the evidence with the subsequent possession of others. The evidence discloses a break between his possession and that of Arney, who went in in 1870. Arney's possession began after the statute was amended in 1866 (by the taking effect of the Gen. Stats. 1865), and consequently no occupancy by him or those claiming under him could affect the title. [Columbia v. Bright, 179 Mo. l. c. 454.] Besides there is no proof that Arney or any one else succeeded to Hinch's possession nor that defendants succeeded to

the possession of any one. [Maysville v. Truex, 235 Mo. l. c. 625, 626.] The burden was on defendants to make out their defense of the statute and in this they wholly failed.

The plea of the Statute of Limitation is quite informal but we have treated it as if unobjectionable.

The conclusions reached dispose of all assignments of error, and the judgment is affirmed. *Roy, C.,* concurs.

PER CURIAM.—The foregoing opinion of BLAIR, C., is adopted as the opinion of the court. All the judges concur.